**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:25-cv-20340-ELA**

THE LAMBERT LAW FIRM P.C., and
GEORGE LAMBERT,

    Plaintiffs,

v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, Pa., and
GAVIN CURLEY,

    Defendants.
_____/

**JOINT PRE-TRIAL STIPULATION**

Plaintiffs, The Lambert Law Firm P.C. and George Lambert ("Plaintiffs") and Defendants, National Union Fire Insurance Company of Pittsburgh, Pa. and Gavin Curley ("Defendants"), by and through their respective undersigned counsel, and pursuant to Local Rule 16.1(e) and this Court's Scheduling Order [ECF No. 18], hereby submit the following Joint Pre-Trial Stipulation:

1. **A short concise statement of the case by each party in the action.**

**Plaintiffs' Statement:**

This is an action addressing the obligations of an insurance carrier under the Directors & Officers Insurance Policy issued to a corporation, CCI, which benefits its founder and Chief Executive Officer. The action was brought in December 2024. The Lambert Law Firm Professional Corp. and its principal attorney, George Lambert (collectively The Lambert Law Firm), against an insurance carrier registered in Florida as a foreign corporation for profit (with a domicile in Pennsylvania), National Union Fire Insurance Co. of Pittsburgh, PA. (or 'NUFIC'). NUFIC has

been one of five insurance carriers handling the master Insurance Policy package, spread among five carriers.

The Lambert Law Firm was retained in writing in August 2020 by the insurance carrier RSUI, the predecessor of NUFIC. RSUI paid 5 invoices and partially paid one; the remaining balance on that same invoice was paid by NUFIC. Then NUFIC paid 21 subsequent invoices from The Lambert Law Firm, which represented the insureds and defended them in three U.S. District Courts, namely the U.S. District Court for the Southern District of New York (the action is pending, and an intermediate judgment is on appeal in the Second Circuit). The Lambert Law Firm also represented the insured in two criminal actions, in the U.S. District Courts for the District of Nevada and in the District of Colorado. The Lambert Law Firm was instrumental in reaching a highly beneficial plea bargain agreement for its client, namely, out of 24 Counts on Count left, adjudged for 51 months in a prison camp, with credit for the pre-trial detention and incarceration overseas in the course of the extradition proceedings. The litigation in New York is ongoing. The Lambert Law Firm is the only counsel of record in the U.S. District Court and in appellate proceedings in the Second Circuit, U.S. Court of Appeals.

The case was brought after NUFIC unreasonably delayed the insured's Invoices for August and September 2024, expressly approved in writing by the insured, until this action was filed and ultimately unpaid. On July 1, 2025, NUFIC, through its attorney, wrote to The Lambert Law that the funds under the Directors and Officers Insurance Policy were exhausted and that it would not pay any funds, even though the defense of the insured is active and pending. According to NUFIC, it disbursed $5 million under the Insurance Policy and had no obligations.

Plaintiffs disagree with NUFIC on five grounds. First, the Invoices for August and September 2024 were expressly approved in writing and signed by the insured (the original sets

are preserved by The Lambert Law Firm), and NUFIC was obligated, at a minimum, to give priority to the valid invoices, protected by the parol evidence rule.  Second, NUFIC expressly assumed the obligations of the prior insurance carrier, RSUI, which paid 5 Invoices; one invoice was paid by RSUI and NUFIC jointly, and NUFIC subsequently paid 21 Invoices, all without objections as to the validity and correctness of the entries.  Third, in retaliation for The Lambert Law Firm's bringing this action, NUFIC made unauthorized, improper, or illegal disbursements not for defense, including wiring funds to Italy, to liquidate the purported unpaid balance of $5 million.  Fourth, The Lambert Law Firm's position is that NUFIC has been obligated not to abandon the insured, and was disallowed, short of a declaratory action order, to stop paying for the defense of the insured, both in the criminal cases and in the civil cases, and on appeal, until a final non-appealable judgment.  Fifth, NUFIC is estopped from not paying the outstanding invoices, as a course of dealings and its own conduct, never denying its obligation to pay, until after this action was pending, and NUFIC's posture discredits Directors and Officers Policies as such, as well as its own reputation.

The action states four causes of action based on Breach of Contract, Breach of Implied Contract, Promissory Estoppel, and Quantum Meruit, after the Court dismissed several more causes of action.  For purposes of the present trial, limited to the payment of the invoices, The Lambert Law Firm has dropped the second defendant, NUFIC's outside attorney, who should not be responsible for NUFIC's obligation to pay instead of its client NUFIC.

**Defendants' Statement:**

This case involves Plaintiffs' improper attempt to collect two invoices for legal services that Plaintiffs' client has not and/or cannot pay.  National Union is the top layer of an insurance tower totaling $25 million issued to Collector's Coffee, Inc ("CCI").  The insurance tower consists

of five separate insurance policies issued by five separate insurance companies, each providing $5 million of insurance, with each subsequent policy being triggered once the immediately proceeding policy is exhausted. The National Union policy generally follows form to the primary insurance policy in the tower issued by QBE Insurance, with certain differences between the policies where set forth in the National Union policy. Under the terms of the National Union policy: (1) the CEO of CCI, Mykalai Kontilai ("MK") is insured; (2) covered defense costs are part of, and not in addition to, the limits of insurance; and (3) once the $5 million policy limits have been exhausted, National Union no longer owes a duty to defend.

CCI and MK were defendants in a civil action brought by the SEC, and MK was a defendant in two criminal cases brought by the United States government. In 2020, while the third layer of insurance in the tower (issued by RSUI) was in effect, MK retained Lambert and his law firm (collectively, "Lambert") as one of his defense attorneys. Lambert engaged in various correspondence with RSUI regarding RSUI's approval of MK's retention of Lambert and the terms of MK's engagement of Lambert and began performing legal services for his client. National Union was not a party to those communications and had no involvement whatsoever in MK's retention of Lambert or in any of the dealings between Lambert and RSUI.

In 2022, NUFIC and Curley, its outside counsel, were notified of Lambert's involvement as MK's defense counsel and that the policy immediately preceding National Union's policy in the tower had been exhausted. National Union then began paying MK's defense invoices, including several from Lambert. In late 2024, Curley communicated with Lambert to inquire as to the possibility of Lambert signing up for National Union's electronic payment system to avoid the need for paper checks to be issued. Lambert submitted the required paperwork, and that

4

paperwork was processed so that in the event that payments were to be made to Lambert, they could be made electronically.

As the policy limits were approaching exhaustion, MK, through his personal coverage counsel David Feldman, expressed his desires as to which of his many defense invoices would be paid from the limited amount of insurance proceeds available. He specifically did not approve payment of the two invoices from Lambert at issue in this litigation. The National Union policy has been exhausted, and there are no more policy proceeds available.

Lambert is not a party to the National Union policy, nor is he a third-party beneficiary of the policy. There is no written, oral, implied-in-fact, or implied-at-law contract between National Union and Lambert. Lambert cannot recover his unpaid invoices from National Union, and instead must look to his client for any recovery.

2. **The basis of federal jurisdiction.**

The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1332.

3. **The pleadings raising the issues**.

(a)  Plaintiff's Amended Complaint (ECF No. 28);

(b)  Defendants' Answer and Affirmative Defenses (ECF No. 37); and

(c)  Plaintiffs' Reply to Affirmative Defenses (ECF No. 38).

4. **A list of all undisposed motions or other matters requiring action by the Court.**

a. Plaintiffs' Motion for Partial Summary Judgment (ECF No. 52);

b. Plaintiffs' Motion for Leave to File Unredacted Exhibits Under Seal (ECF No. 54);

   c. Plaintiffs' Motion to Seal Unredacted Exhibits to Declaration (ECF No. 56)

   d. Defendants' Motion for Summary Judgment (ECF No. 58);

   e. Plaintiffs' Motion to For Leave to Substitute Exhibits 1-20 to Declaration of George Lambert (ECF No. 60);

   f. Plaintiffs' Motion to For Leave to Temporarily File Unredacted Exhibits 1-2 to Declaration Under Seal (ECF No. 64).

**5. A concise statement of uncontested facts which will require no proof at trial, with reservations, if any.**

   a. Collector's Coffee was issued five insurance policies by five different insurance companies – (1) QBE Insurance; (2) Westchester Fire Insurance; (3) RSUI Insurance; (4) RLI Insurance; and (5) National Union.

   b. The insured, M.K., was the CEO of Collector's Coffee, and was a defendant in three lawsuits – (1) a civil action by the Securities and Exchange Commission against M.K. and Collector's Coffee; (2) a criminal action by the United States against M.K. in the District of Nevada; and (3) a criminal action by the United States against M.K. in the District of Colorado.

   c. Subject to the terms of each policy, the policies generally cover defense costs incurred by the insured, M.K., the CEO of Collector's Coffee, for the SEC civil action in the U.S. District Court for the Southern District of New York, and the Districts of Colorado and Nevada criminal actions against him.

   d. The Lambert Law Firm and Lambert began representing the insured, M.K. in 2020 in all three of these cases.

   e. In 2022, National Union's policy was triggered by the exhaustion of the policy immediately preceding it.

   f. After National Union's policy was triggered, it began paying invoices for legal services provided to the insured, M.K., by various individuals and companies, including the Lambert Law Firm and George Lambert.

**6.     A statement, in reasonable detail, of issues of fact which remain to be litigated at trial.**

Plaintiffs' statement:

1.    Whether, while acting under the same Insurance Policy package, NUFIC expressly succeeded in the obligations of RSUI, which contracted The Lambert Law Firm and George Lambert in 2020 to represent the insureds, when RSUI paid 5 Invoices, RSUI and NUFIC jointly paid one Invoice, and the subsequent 21 Invoices for representing the insurer were addressed to, and paid by, NUFIC.

2.    Whether or not NUFIC was in violation of the terms of the Directors and Officers Insurance Policy previewing payments of defense costs, when NUFIC made unauthorized and/or allegedly illegal disbursements paying money to medical doctors, various consultants not needed for the defense, paying to Italian attorneys money without any connection to the defense, paying upfront money to an attorney under court sanctions and not retained by the insured, attorneys that have never been lawfully retained, for a total of about $1,144,377.

3.    Whether or not the unauthorized and/or allegedly illegal disbursements paying money to medical doctors, various consultants not needed for the defense, paying to Italian attorneys money without any connection to the defense, paying upfront money to an attorney under court sanctions and not retained by the insured, attorneys that have never been lawfully retained, for a total of about $1,144,377 should not be credited towards $5 million cited in the Directors and Officers Policy.

4.    Whether or not the Directors and Officers Insurance Policy under which NUFIC acted disallowed dropping the payment by NUFIC of the defense legal fees and costs until the final unappealable judgment.

5. Whether or not the customary course of dealings under the Directors and Officers Insurance Policy, titled Side-A, and "Personal Umbrella" terms under which NUFIC acted, disallowed dropping the payment by NUFIC of the defense legal fees and costs until the final unappealable judgment.

6. Whether or not a Directors and Officers Insurance Policy, sold by NUFIC, citing the terms "Side-A" and "Personal Umbrella," impliedly disallows insurers from dropping payment of the defense legal fees and costs until the final unappealable judgment.

Defendant's statement:

a. Whether an express contract between Lambert and National Union was created.

b. Whether an implied-in-fact contract between Lambert and National Union was created.

c. Whether an implied-at-law contract between Lambert and National Union was created.

d. Whether National Union and/or Lambert made any promise(s) to Lambert regarding payment of his invoices.

e. Whether Lambert detrimentally relied upon any promise(s) that National Union and/or Curley made to him regarding payment of his invoices.

**7. A concise statement of issues of law on which there is agreement.**

a. The Federal Rules of Civil Procedure control procedural issues.

b. The Federal Rules of Evidence control evidentiary issues.

**8. A concise statement of issues of law which remain for determination by the Court.**

Plaintiff:

1. The Florida State law governs Plaintiffs' claims.

2. Under the law of Florida, all ambiguities in the insurance policy should be, as a matter of law, resolved against the insurer.

3. Under the law of Florida, all ambiguities in the insurance policy should be resolved against the insurer, such as the interpretation of the insurer's obligation under the Directors and Officers Insurance Policy, with the terms "Personal Umbrella" and "Side-A Edge," allow an interpretation that the insurer is obligated to pay the legal fees and costs for the defense of the insured until the final judgment.

Defendant: Which state's law governs Plaintiffs' claims.

**9. Each party's numbered list of trial exhibits, other than impeachment exhibits, with objections, if any, to each exhibit, including the basis of all objections to each document, electronically stored information, and thing. The list of exhibits is on separate schedules attached hereto and incorporated herein, and identifies those which each party expects to offer and those which the party may offer if the need arises, and identifies the basis for any objection.[1]**

Plaintiffs' Exhibit List is attached as Exhibit 1. Defendants' Exhibit List is attached as Exhibit 2.

---

[1] In noting the basis for objections, the following codes should be used:
    a.    A - Authenticity
    b.    I – Contains inadmissible matter
    c.    R- Relevancy
    d.    H – Hearsay
    e.    UP- Unduly prejudicial
    f.    P – Privileged

10. **Each party's numbered list of trial witnesses, with their address, separately identifying those whom the party expects to present and those whom the party may call if the need arises. Witnesses whose testimony is expected to be presented by means of a deposition shall so be designated. Impeachment witnesses need not be listed. Expert witness shall be so designated.**

Plaintiffs' Witness List is attached as Exhibit 3. Defendants' Witness List is attached as Exhibit 4.

11. **Estimated trial time.**

The estimated length of trial is 2-3 days.

12. **Estimate of each party as to maximum amount of attorneys' fees properly allowable.**

**Plaintiffs' Estimate**: Plaintiffs defer to the provisions of the statutory law and case law that shall apply to the trial.

**Defendants' Estimate**: $0, as Plaintiff has no entitlement to recover fees even if he were to prevail in the litigation.

Respectfully submitted,

| **THE LAMBERT LAW FIRM P.C.** | **AKERMAN LLP** |
|---|---|
| Attorneys for Plaintiffs | Attorneys for Defendants |
| 421 Poinciana Drive, #1422 | 98 Southeast Seventh Street, Suite 1100 |
| Sunny Isles Beach, FL 33160 | Miami, FL  33131 |
| | |
| BY: s/_____ | BY:_____ |
|    GEORGE LAMBERT |    GARY J. GUZZI |
|    Florida Bar No. 1022697 |    Florida Bar No. 159440 |
|    E-mail:  office.law.323@gmail.com |    E-mail: gary.guzzi@akerman.com |
| |    NIKOLAS L. VOLOSIN |
| |    Florida Bar No. 1031169 |
| |    Primary e-mail: |
| |    nikolas.volosin@akerman.com |
| |    Secondary e-mail: |
| |    dorothy.matheis@akerman.com |
| Dated: _____ | Dated: _____ |