**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:25-cv-20340-CMA**

THE LAMBERT LAW FIRM P.C., and
GEORGE LAMBERT,

      Plaintiffs,

v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, Pa., and
GAVIN CURLEY,

      Defendants.

_____/

## DEFENDANT'S NOTICE OF FILING SECOND UPDATED PROPOSED SPECIAL JURY INSTRUCTIONS

Defendant, National Union Fire Insurance Company of Pittsburgh, Pa. ("Defendant"),

hereby file its second updated proposed Special Jury Instructions.

      Respectfully submitted,

      **AKERMAN LLP**
      *Attorneys for Defendant, NUFIC*
      98 Southeast 7th Street, Suite 1100
      Miami, FL  33131
      Phone:  (305) 374-5600
      Fax:  (305) 374-5095

      By:*/s/* Edgard K. Cespedes
      GARY J. GUZZI
      Florida Bar No. 159440
      Primary E-mail: gary.guzzi@akerman.com
      Secondary E-mail: maria.revoredo@akerman.com
      EDGARD K. CESPEDES
      Florida Bar No. 123516
      Primary E-mail: Edgard.Cespedes@akerman.com
      Secondary E-mail: kim.stathopulos@akerman.com

83670978;2
86075608;1

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF

this 2nd day of April, 2026 on:

George Lambert, Esq.
Attorney for The Lambert Law Firm and pro se
THE LAMBERT LAW FIRM
421 Poinciana Drive, #1422
Sunny Isles Beach, FL 33160
Primary Email: office.law.323@gmail.com

Emily M. Walters, Esq.
David Aronberg, Esq.
DAVE ARONBERG LAW, P.A.
Co-Counsel for Plaintiffs
515 N. Flagler Drive, Suite 402
West Palm Beach, FL 33401
Primary Email:
   emily@davearonberglaw.com
Secondary Email:
   jpratt@davearonberglaw.com
Primary Email:
   dave@davearonberglaw.com
Secondary Email:
   jpratt@davearonberglaw.com;
   lhebda@davearonberglaw.com; and
   service@davearonberglaw.com


                                        /s/ Edgard K. Cespedes
                                         Attorney

2

## DEFENDANT'S SPECIAL REQUESTED INSTRUCTION #1
## BREACH OF CONTRACT

### Part A – Introduction

Plaintiffs claim that they entered into an express contract with Defendant to provide legal services to Defendant's insured, Mykalai Kontilai.

Plaintiffs claim that Defendant breached this express contract by failing to pay for three of Plaintiffs' invoices, and that the breach resulted in damages to Plaintiffs.

Defendant denies that an express contract between the parties ever existed and denies that it breached any express contract. Defendant also claims that it has paid out all of the money that Plaintiffs were entitled to under the policy as the insured's counsel and that there is no additional insurance money available to pay Plaintiffs' invoices.

**AUTHORITY:** Fla. Std Jury Instruction 416.1

### Part B– Contract Formation

Plaintiffs claim that they entered into an express contract with Defendant. To prove that an express contract was created, Plaintiffs must prove all of the following:

3

86075608;1

1.     The essential contract terms were clear enough that the parties could understand what each was required to do;

2.     The parties agreed to give each other something of value; and

3.     The parties agreed to the essential terms of the contract. When you examine whether the parties agreed to the essential terms of the contract, ask yourself if, under the circumstances, a reasonable person would conclude, from the words and conduct of each party, that there was an agreement.  The making of a contract depends only on what the parties said or did.  You may not consider the parties' thoughts or unspoken intentions.

If Plaintiffs did not prove all of the above, then an express contract was not created.

**AUTHORITY:** Fla. Std Jury Instruction 416.3 (modified)

## <u>Part C – Essential Factual Elements</u>

To recover damages from Defendant for breach of an express contract, Plaintiffs must prove all of the following:

1.     Plaintiffs and Defendant entered into an express contract;

86075608;1

2.      Plaintiffs did all, or substantially all, of the essential things which the express contract required them to do;

3.      All conditions required by the express contract for Defendant's performance had occurred;

4.      Defendant failed to do something essential which the express contract required it to do; and

5.      Plaintiffs were damaged by that failure.

In your determination of #4 above, you may consider whether Defendant's actions took into consideration its understanding of the desires of its insured regarding whether or not he wished to have Plaintiffs' invoices paid out of the policy funds that were available to pay the insured's defense costs.

**AUTHORITY:** Fla. Std Jury Instruction 416.4 (modified)

86075608;1

## DEFENDANT'S SPECIAL REQUESTED INSTRUCTION #2
## BREACH OF IMPLIED CONTRACT

### Part A – Introduction

Plaintiffs claim that they and Defendant entered into an implied contract to provide legal services to Defendant's insured.

Plaintiffs claim that Defendant breached this implied contract by failing to pay for three of Plaintiffs' invoices, and that the breach resulted in damages to Plaintiffs.

Defendant denies that an implied contract between the parties ever existed and denies that it breached any implied contract. Defendant also claims that it has paid out all of the money that Plaintiffs were entitled to under the policy as the insured's counsel and that there is no additional insurance money available to pay Plaintiffs' invoices.

**AUTHORITY:** Fla. Std Jury Instruction 416.1 (modified)

6

86075608;1

## **Part B– Contract Formation**

Plaintiffs claim that they entered into an implied contract with Defendant. Contracts can be created by the conduct of the parties, without spoken or written words. Contracts created by conduct are just as valid as contracts formed with words.

Conduct will create a contract if the conduct of both parties is intentional and each knows, or under the circumstances should know, that the other party will understand the conduct as creating a contract.

In deciding whether a contract was created, you should consider the conduct and relationship of the parties as well as all of the circumstances.

To prove that an implied contract was created, Plaintiffs must prove all of the following:

1. The essential contract terms were clear enough that the parties could understand what each was required to do;

2. The parties agreed to give each other something of value; and

3. The parties agreed to the essential terms of the contract. When you examine whether the parties agreed to the essential terms of the contract, ask yourself if, under the circumstances, a reasonable person would conclude, from the words and conduct of each party, that there was an agreement. The making of a contract depends only on what the

parties said or did.  You may not consider the parties' thoughts or unspoken intentions.

If Plaintiffs did not prove all of the above, then an implied contract was not created.  In addition, if you find that Plaintiffs and Defendant entered into an express contract, then an implied contract was not created.

**AUTHORITY:** Fla. Std Jury Instruction 416.6 (modified)

## Part C – Essential Factual Elements

To recover damages from Defendant for breach of implied contract, Plaintiffs must prove all of the following:

1.    Plaintiffs and Defendant entered into a contract;

2.    Plaintiffs did all, or substantially all, of the essential things which the contract required them to do;

3.    All conditions required by the contract for Defendant's performance had occurred;

4.    Defendant failed to do something essential which the contract required it to do; and

5.    Plaintiffs were damaged by that failure.

86075608;1

In your determination of #4 above, you may consider whether Defendant's actions took into consideration its understanding of the desires of its insured regarding whether or not he wished to have Plaintiffs' invoices paid out of the policy funds that were available to pay the insured's defense costs.

**AUTHORITY:** Fla. Std Jury Instruction 416.4 (modified)

9

86075608;1

## DEFENDANT'S SPECIAL REQUESTED INSTRUCTION #3
### <u>PROMISSORY ESTOPPEL</u>

A party who has not entered a contract to do something, but who has promised to do something, sometimes has a legal obligation to fulfill the promise, but only when specific conditions are met. This is sometimes called "promissory estoppel."

To recover damages from Defendant for promissory estoppel, Plaintiffs must prove all of the following:

1. Defendant promised to pay the three invoices that Plaintiffs had submitted;

2. Defendant should have expected the promise to change Plaintiffs' behavior;

3. In reliance on Defendant's promise, Plaintiffs changed their behavior; and

4. Injustice can be avoided only if the promise is enforced.

86075608;1

To "change behavior" means to do something of significance that the person otherwise would not have done, or to refrain from doing something of significance that the person otherwise would have done.

A claim of this kind must be proved by clear and convincing evidence, not just by the preponderance of the evidence. This is a higher standard of proof than proof by a preponderance of the evidence. It means the evidence must persuade you that the claim or defense is highly probable or reasonably certain.  Your verdict will be for Plaintiffs on this claim only if you find by clear and convincing evidence each of the elements that I just described to you.

**AUTHORITY:** Fla. Std Jury Instruction 416.46 (modified) (promissory estoppel); 11th Circuit Pattern Jury Instruction 1.2 (modified) (burden of proof)

86075608;1

## DEFENDANT'S SPECIAL REQUESTED INSTRUCTION #4
## <u>QUANTUM MERUIT</u>

Plaintiffs have asserted a cause of action for *quantum meruit*.  In support of this cause of action, Plaintiffs claim that Defendant owes them money based upon Plaintiffs' legal services provided to Defendant's insured, Mykalai Kontilai.  To establish this claim, Plaintiffs must prove all of the following:

1.      Plaintiffs gave a benefit to Defendant;

2.      Defendant knew of the benefit;

3.      Defendant accepted or retained the benefit; and

4.      The circumstances are such that Defendant should, in all fairness, be required to pay for the benefit.

**AUTHORITY:** Fla. Std Jury Instruction 416.7 (modified)

12

## DEFENDANT'S SPECIAL REQUESTED INSTRUCTION # 5
### EXHAUSTION OF POLICY LIMITS

As an affirmative defense, Defendant has asserted that the limits of the Defendant's policy have been exhausted.  Defendant is not required to pay any amount in excess of the $5 million limits of its insurance policy.  To prove this affirmative defense, Defendant must prove that it has paid all of the $5 million limits that are afforded under the policy.

13

86075608;1