**Jury Instruction**

Members of the Jury:

<u>Burden of proof</u>:

The Lambert Law Firm Professional Corporation and George Lampert have the burden of proving their case by what the law calls a "preponderance of the evidence." That means The Lambert Law Firm Professional Corporation and George Lampert must prove that, in light of all the evidence, what they claim is more likely true than not. So, if you could put the evidence favoring The Lambert Law Firm Professional Corporation and George Lampert and the evidence favoring National Union. on opposite sides of balancing scales, George Lambert and The Lambert Law Firm need to make the scales tip to their side. If George Lambert and The Lambert Law Firm fail to meet this burden, you must find in favor of National Union.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," National Union has the burden of proving the elements of a defense by a preponderance of the evidence. I'll

86079451;1

instruct you on the facts National Union must prove for any affirmative defense. After considering all the evidence, if you decide that National Union have successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

86079451;1

### 3.2.2 The Duty to Follow Instructions – Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

86079451;1

### 3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

86079451;1

### 3.4 Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

86079451;1

### 3.5.1 Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

86079451;1

### 3.7.1 Responsibility for Proof – Plaintiff's Claims – Preponderance of the Evidence

In this case it is the responsibility of the Plaintiffs to prove every essential part of their claim[s] by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiffs' claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiffs.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiffs' claims by a preponderance of the evidence, you should find for the Defendants as to that claim.

86079451;1

### 3.7.2 Responsibility for Proof – Affirmative Defense
### Preponderance of the Evidence

In this case, the Defendant has asserted an affirmative defense. Even if the Plaintiffs prove their claims by a preponderance of the evidence, the Defendant can prevail in this case if they prove an affirmative defense by a preponderance of the evidence.

I caution you that the Defendants do not have to disprove the Plaintiffs' claims, but if the Defendants raise an affirmative defense, the only way they can prevail on that specific defense is if they prove that defense by a preponderance of the evidence.

86079451;1

### 3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiffs' damages should not be interpreted in any way as an indication that I believe that the Plaintiffs should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

86079451;1

### 3.9 Election of Foreperson Explanation of Verdict Form[s]

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

86079451;1

### 3.1 Introduction

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

# BREACH OF IMPLIED CONTRACT

## Part A – Introduction

Plaintiffs claim that they and Defendant entered into an implied contract to provide legal services to Defendant's insured.

Plaintiffs claim that Defendant breached this implied contract by failing to pay for three of Plaintiffs' invoices, and that the breach resulted in damages to Plaintiffs.

Defendant denies that an implied contract between the parties ever existed and denies that it breached any implied contract. Defendant also claims that it has paid out all of the money that Plaintiffs were entitled to under the policy as the insured's counsel and that there is no additional insurance money available to pay Plaintiffs' invoices.

86079451;1

## Part B– Contract Formation

Plaintiffs claim that they entered into an implied contract with Defendant. Contracts can be created by the conduct of the parties, without spoken or written words. Contracts created by conduct are just as valid as contracts formed with words.

Conduct will create a contract if the conduct of both parties is intentional and each knows, or under the circumstances should know, that the other party will understand the conduct as creating a contract.

In deciding whether a contract was created, you should consider the conduct and relationship of the parties as well as all of the circumstances.

To prove that an implied contract was created, Plaintiffs must prove all of the following:

1. The essential contract terms were clear enough that the parties could understand what each was required to do;

2. The parties agreed to give each other something of value; and

3. The parties agreed to the essential terms of the contract. When you examine whether the parties agreed to the essential terms of the contract, ask yourself if, under the circumstances, a reasonable person would conclude, from the words and conduct of each party, that there was an agreement. The making of a contract depends only on what the

86079451;1

parties said or did.  You may not consider the parties' thoughts or unspoken intentions.

If Plaintiffs did not prove all of the above, then an implied contract was not created.

## Part C – Essential Factual Elements

To recover damages from Defendant for breach of implied contract, Plaintiffs must prove all of the following:

1.     Plaintiffs and Defendant entered into a contract;

2.     Plaintiffs did all, or substantially all, of the essential things which the contract required them to do;

3.     All conditions required by the contract for Defendant's performance had occurred;

4.     Defendant failed to do something essential which the contract required it to do; and

5.     Plaintiffs were damaged by that failure.

86079451;1

## PROMISSORY ESTOPPEL

A party who has not entered a contract to do something, but who has promised to do something, sometimes has a legal obligation to fulfill the promise, but only when specific conditions are met. This is sometimes called "promissory estoppel."

To recover damages from Defendant for promissory estoppel, Plaintiffs must prove all of the following:

1.   Defendant promised to pay the three invoices that Plaintiffs had submitted;

2.   Defendant should have expected the promise to change Plaintiffs' behavior;

3.   In reliance on Defendant's promise, Plaintiffs changed their behavior; and

4.   Injustice can be avoided only if the promise is enforced.

86079451;1

To "change behavior" means to do something of significance that the person otherwise would not have done, or to refrain from doing something of significance that the person otherwise would have done.

A claim of this kind must be proved by clear and convincing evidence, not just by the preponderance of the evidence. This is a higher standard of proof than proof by a preponderance of the evidence. It means the evidence must persuade you that the claim or defense is highly probable or reasonably certain.  Your verdict will be for Plaintiffs on this claim only if you find by clear and convincing evidence each of the elements that I just described to you.

86079451;1

## EXHAUSTION OF POLICY LIMITS

As an affirmative defense, Defendant has asserted that the limits of the Defendant's policy have been exhausted. Pursuant to the terms of its policy, the Defendant is not required to pay any amount in excess of the $5 million limits of its insurance policy. To prove this affirmative defense, Defendant must prove that it had paid all of the $5 million limits that are afforded under the policy if and when Defendant had any obligation to pay Plaintiff's invoices. However, Plaintiff has asserted that Defendant improperly disbursed under the subject insurance policy the remainder of the policy limits without first paying the Plaintiffs' invoices.

86079451;1